*Polk,* for Appellants.

---

## JAS. MILLER *v.* GEO. POFFINGER.

**Estoppel by Assertion Made in Answer, in Another Case — Explanatory Proof.**

An assertion made in an answer, in another case, that the party held the absolute title to the property may be used against him in another action involving the same property, on which he claimed to hold a mortgage instead of an absolute title. But it does not operate as an estoppel, so as to conclude all explanatory proof to the contrary.

APPEAL FROM LARUE CIRCUIT COURT.

February 1, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The trial in this case seems to have been conducted on the principles, defined in the former opinion of this court, remanding the cause for a new trial.   That opinion authorized the instructions given on the last trial for the appellee, and there was no error in refusing the appellant's instruction No. 6 to the effect that the appellee's answer claiming, in another case, to be a *bona fide* purchaser of Talbot's slaves estopped him from now claiming only as mortgagee.   Such an assertion of absolute title made in his answer, like any other declaration, made in any way to the same effect, was certainly evidence against him and was so used on the trial.   But it did not, any more than an assertion or admission otherwise made by a party, operate as an estoppel and conclude all explanatory proof to the contrary.

There was no available error, therefore, in giving or withholding instructions.

Nor can we set aside the verdict as unauthorized by the evidence, which was of such character as to have authorized the jury to find for either party.

Wherefore, the judgment is affirmed.

Judge Hardin did not sit in this case.

*Read,* for Appellant.

*Johnson,* for Appellee.